# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL LEON LOCKHART,**

      **Petitioner,**

**v.**                                      **Civil Action No. 1:09cv126**
                                                     **(Judge Keeley)**

**KUMA DEBOO, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On August 26, 2009, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In his petition, the petitioner, an inmate at the Gilmer Federal Correctional Institute in Glenville, West Virginia, purports to challenge the computation of his sentence by the Bureau of Prisons. In support of his petition, the petitioner asserts that, for sentencing purposes, his criminal history points were improperly computed and that he received an unlawful career offender enhancement. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. Analysis

In the petition, the petitioner attacks the validity of his sentence rather than the means of execution. The petitioner HAS applied for relief under 28 U.S.C. § 2255 in the sentencing Court. See United States v. Lockhart, 6:04cr164-1 (S.D.W.Va. July 22, 2005). The petitioners' § 2255 motion was denied, as was his subsequent and related filings. Id. Thus, it is clear that the petitioner now seeks relief in this Court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these

circumstances, a petitioner is expressly precluded by § 2255 from pursuing any remedies under §

2241. Section 2255 states that an application such as this one "shall not be entertained if it appears

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

such court denied him relief . . . "

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the

"savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the

remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's]

detention." The law is clearly developed, however, that merely because relief has become

unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions,

or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the

§ 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

Further, the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate

or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded

that:

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of this
> circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and first §
> 2255 motion, the substantive law changed such that the conduct of
> which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255
> because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Upon a review of the petition, the undersigned finds that the claims raised in the petition

should have been raised on appeal or in the petitioner's § 2255 motion. Moreover, there is nothing

in the petitioner's § 2241 petition which demonstrates that he meets the Jones requirements.

Consequently, he has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 14, 2009.


_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

3