IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDALL LEON LOCKHART,**

    Petitioner,

v.                                Civil Action No. 1:09CV126
                                      (Judge Keeley)

**KUMA DEBOO,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 6)
AND DISMISSING § 2241 PETITION WITH PREJUDICE**

Pending before the Court are the Report and Recommendation ("R&R")(dkt. 6) of United States Magistrate Judge David J. Joel, and the objections of the pro se petitioner, Randall Leon Lockhart. For the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** Lockhart's petition under 28 U.S.C. § 2241 **WITH PREJUDICE.**

**I. STANDARD OF REVIEW**

The Court must undertake a de novo review of those portions of the R&R to which a party specifically objects. 28 U.S.C. 636(b)(1). It may adopt without explanation, however, any portion of the R&R to which no objection is made. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

**III. ANALYSIS**

The R&R recommends that the Court dismiss this action because Lockhart is challenging the validity of his conviction not the

execution of the sentence. Lockhart's petition alleges that "exaggeration of criminal history and base offense level points" constitute the error in his case. Clearly, these complaints are the kind properly directed to the sentencing court in a motion under 28 U.S.C. § 2255, not in a petition under § 2241.

In his objections, Lockhart argues that, in his § 2255 case in the Southern District of West Virginia, the court failed to address several of his grounds for relief. Such allegations, however, do not entitle Lockart to pursue relief under § 2241. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)("When . . . § 2255 proves 'inadequate or ineffective to test the legality of detention,' a federal prisoner may seek a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241.")(internal modifications and citations omitted). In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), established that the § 2255 remedy is "inadequate" only in rare instances involving a change in the substantive law governing a petitioner's conviction. Lockhart does not allege that he meets these requirements.

## CONCLUSION

Accordingly, the Court **ADOPTS** the R&R, and **DISMISSES** this case **WITH PREJUDICE**. The Court declines to issue a certificate of

appealability in this case pursuant to 28 U.S.C. § 2253(c), finding that Lockart has not raised any constitutional issue on which reasonable jurists might differ.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both Orders to counsel of record and all appropriate agencies. It further directs the Clerk to mail copies of both Orders to the <u>pro se</u> petitioner, by certified mail, return receipt requested.

DATED: June 21, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE